UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian E. Rochester, # 171519, <br> *aka Julian Edward Rochester*, <br><br> Petitioner, <br><br> vs. <br><br> Bernard McKie, Warden of Kirkland Correctional Institution; <br> William R. Byars, Jr., Director of SCDC; <br> Henry M. Herlong, Jr.; <br> U.S. Marshals; <br> Eric Holder, Attorney General of the United States; <br> Henry F. Floyd, United States District Judge; <br> United States Government; <br> M. D. McCall, Warden of Perry Correctional Institution <br> Nikki Haley, Governor of South Carolina; <br> Allen Wilson, Attorney General of South Carolina; <br> United States Government; <br> South Carolina Department of Probation, Parole & Pardon Services; <br> J. Page; <br> A. Neal, Attorney; <br> H. A. Hinton, Director of Parole Hearings; <br> S. B. Glover, Director of SCPPPS; <br> Five Parole Judges; <br> 212 Defendants; <br> 29 Federal Fourth Circuit Judges; <br> State of South Carolina; <br> Beverly Whitfield, Clerk of Court; <br> Judge R. L. McIntosh; <br> Oconee County; <br> 1600 Defendants; <br> Anderson County; <br> Jeanette W. McBride, Clerk of Court for Richland County; <br> 45 Additional Defendants, <br><br> Respondents. | ) **C/A No. 8:11-CV-0797-JMC-JDA** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) [Pre-Filing Review] <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Background of this Case**

1

Petitioner is an inmate at the Perry Correctional Institution. Prior to his current placement at the Perry Correctional Institution, Petitioner was confined at the Gilliam Psychiatric Hospital on the grounds of the Kirkland Correctional Institution. Petitioner is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). *See also* Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

Petitioner has submitted a series of pleadings raising civil rights claims, mandamus claims and habeas corpus issues. Petitioner seeks a writ of mandamus directing the respondents to release him from prison because, according to Petitioner, his sentences have expired.

Petitioner, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. He received an "active" sentence of fifty (50) years. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that Petitioner will be eligible for parole on January 5, 2013, but his projected release date is November 12, 2022. Petitioner will be required to register as a sex offender upon release.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ, Petitioner on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions. The Honorable Robert S. Carr, United States Magistrate Judge, on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for

summary judgment. On March 10, 1998, Magistrate Judge Carr apprised Petitioner of dispositive motion procedure, as required by the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). Petitioner on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. Petitioner filed objections and two (2) amended objections to the Report and Recommendation. On April 10, 1998, the Judge Traxler granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

Petitioner filed an appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613). On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States subsequently denied Petitioner's petition for writ of certiorari. *Rochester v. South Carolina Department of Corrections*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

***Discussion***

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since Petitioner is, in part, seeking mandamus-type relief actually directed at state officials, this case is subject to summary dismissal. The writ of mandamus is infrequently

used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction.  *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official **of the United States**.  *See*, *e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed*, *Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 [Table], 1996 WL 511426 (4th Cir. June 5, 1996).

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript.  The district court in *Gurley* denied the relief sought by the prisoner.  On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina.  The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ."  *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988).  In *Davis v. Lansing*,

the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh* and *Todd v. Baskerville* and, therefore, was subject to summary dismissal. *Craigo v. Hey*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1 (N.D. Ill. 1990). Hence, this federal district court cannot issue a writ of mandamus to direct Respondents to release Petitioner or to grant him parole.

Insofar as Petitioner is seeking mandamus relief against United States District Judges and United States Magistrate Judges of this federal district court, the petitioner has filed his petition in the wrong court. *In re Beard*, 811 F.2d 818, 827 & n. 5 (4th Cir. 1987) (denials by district courts of motions to recuse are reviewable in the United States Court of Appeals by a petition for writ of mandamus filed in the United States Court of Appeals). Petitioner, however, has been admonished by the Court of Appeals about the filing of frivolous mandamus pleadings there. *See In Re Julian Rochester*, No. 08-1910, 292 Fed.Appx. 226 2008 WL 4218779 (4th Cir. Aug. 29, 2008).

The above-captioned case, insofar as Petitioner's non-habeas claims are concerned, is subject to dismissal under the so-called "three strikes" rule in the Prison Litigation Reform Act. It can be judicially noticed that Petitioner has filed more than three prior frivolous cases in this court. *See, e.g.,* 28 U.S.C. § 1915(g). The cases in which "strikes" have been entered against Petitioner are displayed in the table below:

6

| Case Name | Civ. Act. No. | Date Strike Entered | Docket Entry of Order |
|---|---|---|---|
| Rochester v. E. Delane Rosemond, *et al.* | 2:09-1809-HMH-RSC | July 9, 2009 | ECF Entry No. 6 |
| Rochester v. State of South Carolina; 1000 Defendants; George W. Bush; *et al.* | 2:08-3269-HMH-RSC | September 26, 2008 | ECF Entry No. 5 |
| Rochester v. South Carolina Department of Corrections, *et al.* | 2:06-3085-HMH-RSC | November 1, 2006 | ECF Entry No. 3 |
| Rochester v. J. Strom Thurmond, Jr., *et al.* | 2:03-3373-HMH-RSC | October 31, 2003 | ECF Entry No. 2 |
| Rochester v. State of South Carolina, *et al.* | 2:03-2057-HMH-RSC | August 12, 2003 | ECF Entry No. 8 |
| Rochester v. United States District Court for Northern District of Georgia | 2:02-3802-HMH-RSC | November 19, 2002 | ECF Entry No. 2 |

This court may take judicial notice of the aforementioned civil actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had

before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

It must also be noted that the "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a judicially-created rule.  The Congress, however, has determined that prisoners, such as Petitioner, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) (*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away.").  Even so, this case is not the first instance where new laws have affected plaintiffs or petitioners. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled *In Re TMI* [Three-Mile Island Litigation], 89 F.3d 1106 (3rd Cir. 1996) (upholding amendments to Price-Anderson Act retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations).  *Cf. Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir. 1997) ("Congress giveth and it taketh away."); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993) ("As Congress giveth, Congress taketh away."); and *Mirabal v. GMAC*, 537 F.2d 871 (7th Cir. 1976).[1]  Petitioner, however, is clearly subject to the Prison Litigation Reform Act (PLRA)

---

[1] Unrelated portions of the  holding in *Mirabal v. GMAC* — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made to the Truth in Lending Act in 1980.  *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in *Brown v. Marquette*
(continued...)

because the pleadings were filed more than fourteen years after the enactment of the PLRA on April 26, 1996.

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under the imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir.1998) (to avoid bar under imminent danger exception to "three-strikes" provision, a prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint). *See also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426 (E.D. Mich. 1997).

Petitioner is not entitled to a prison transfer to another SCDC institution, to an out-of-state prison, or to a federal prison. *Kuehner v. Pennsylvania*, Civil Action No. 09-749, 2010 WL 2245568,*6 (W.D. Pa. May 7, 2010) ("Similarly, the United States Supreme Court has made it clear that the due process clause provides constitutional safeguards prior to conviction, but, upon a valid conviction, it does not provide a federal liberty interest guaranteeing housing in a particular penal institution or providing protection against transfer from one institution to another within the state prison system."). Since Petitioner is not entitled to an intra-state prison transfer, he also is not entitled to an out-of-state transfer. *See Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1199 (D. Kan. 2008) ("The court understands that plaintiff did not want to enter protective custody because of an event and

---

(...continued)
*Savings and Loan Assn.*, 686 F.2d 608 (7th Cir. 1982) (*overruling*, in part, *Mirabal v. GMAC*).

conditions he had heard about there, but 'prison officials are not required to guarantee a prisoner's safety under terms and conditions dictated by the prisoner. A prisoner is entitled to adequate protection from harm, but is not entitled to direct prison officials on the means to accomplish it.'"), where the prisoner sought, *inter alia*, an out-of-state prison transfer; and *Isgrigg v. CDC*, No. C 06-07618 JW (PR), 2008 WL 754892, *2 (N.D. Cal. March 20, 2008) ("A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him, or not transfer him in the case of plaintiff, to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution").

Petitioner cannot obtain a criminal investigation or criminal charges against Respondents. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes

10

cannot be enforced by civil actions.'"). Moreover, this court cannot suspend or remove Respondents from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

Insofar as Petitioner is seeking federal habeas corpus relief with respect to the alleged expiration of his state sentences, he must first exhaust his state court remedies. *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (Section 2241 case). Moreover, with respect to any Section 2254 claims, Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. *See* Rule 9 of the Rules Governing Section 2254 Cases.

Petitioner, apparently, believes that he has federal criminal charges pending against him. A search of this court's Case Management-Electronic Case Filing System reveals no pending criminal charges against Petitioner. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) (district court make take judicial notice of its own files and records). As a result, Petitioner's request for a speedy trial is premature. Moreover, with respect to any possible federal criminal charges against Petitioner, this case is not yet ripe. *Ostergren v. Cuccinelli*, 615 F.3d 263, 287-88 (4th Cir. 2010). The Sixth Amendment right to a speedy trial is not applicable to Petitioner because he has not been indicted or arrested on federal charges. *United States v. Uribe-Rios*, 558 F.3d 347, 358 n. 8 (4th Cir. 2009) ("The Sixth Amendment right to a speedy trial right does not attach until indictment or arrest."). The federal Speedy Trial Act is not applicable to Petitioner because he has

not been arrested or indicted on a federal criminal offense. *United States v. Rodriguez-Amaya*, 521 F.3d 437, 440-42 (4th Cir. 2008). Moreover, since Petitioner has not yet been convicted for a federal criminal offense, a Section 2255 motion would be premature. *Davis v. Scott*, 176 F.3d 805, 807-808 (4th Cir. 1999) ("Leak-Davis was not the proper party to file the application; the application purported to seek relief pursuant to 28 U.S.C.A. § 2241 when it should have sought relief under 28 U.S.C.A. § 2255; and the application was premature because Davis's direct appeal was still pending at the time.").

Petitioner, in a letter [ECF No. 7], seeks to reopen the habeas corpus action of another prisoner. Petitioner does not have standing to seek reopening of another prisoner's closed habeas corpus action. *See Arizona Christian School Tuition Organization v. Winn*, No. 09-987 and 09-991, 2011 WL 1225707, *6 (U.S. April 4, 2011) (to establish standing, a litigant must satisfy three-part test); *Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401 F.3d 230, 234-36 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing); *Inmates v. Sheriff Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975) (a *pro se* litigant cannot

be an advocate for others in a class action). Since the habeas case for the other prisoner (Civil Action No. 2:99-1483-MBS-RSC) was decided by summary judgment, the other prisoner, Terry Doggett (SCDC # 93124), must seek leave from the United States Court of Appeals to file a successive petition. *See* Rule 9 of the Rules Governing Section 2254 Cases.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. It is also recommended that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 5] be **denied**. Petitioner's attention is directed to the Notice on the next page.[2]

April 13, 2011                           s/Jacquelyn D. Austin
Greenville, South Carolina               United States Magistrate Judge

---

[2] The Federal Station Post Office on the first floor of the United States Courthouse in Greenville, South Carolina, permanently closed on September 4, 2010. Hence, correspondence addressed to the Clerk's Office in Greenville should now be sent to Clerk's Office, United States District Court, 300 East Washington Street — Room 239, Greenville, South Carolina 29601.

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).