UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Julian E. Rochester, # 171519, ) <br> *aka Julian Edward Rochester*, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Bernard McKie, Warden of Kirkland Correctional Institution; ) <br> William R. Byars, Jr., Director of SCDC; ) <br> Henry M. Herlong, Jr.; ) <br> U.S. Marshals; ) <br> Eric Holder, Attorney General of the United States; ) <br> Henry F. Floyd, United States District Judge; ) <br> United States Government; ) <br> M. D. McCall, Warden of Perry Correctional Institution ) <br> Nikki Haley, Governor of South Carolina; ) <br> Allen Wilson, Attorney General of South Carolina; ) <br> United States Government; ) <br> South Carolina Department of Probation, Parole & Pardon Services; ) <br> J. Page; ) <br> A. Neal, Attorney; ) <br> H. A. Hinton, Director of Parole Hearings; ) <br> S. B. Glover, Director of SCPPPS; ) <br> Five Parole Judges; ) <br> 212 Defendants; ) <br> 29 Federal Fourth Circuit Judges; ) <br> State of South Carolina; ) <br> Beverly Whitfield, Clerk of Court; ) <br> Judge R. L. McIntosh; ) <br> Oconee County; ) <br> 1600 Defendants; ) <br> Anderson County; ) <br> Jeanette W. McBride, Clerk of Court for Richland County; ) <br> 45 Additional Defendants, ) <br> ) <br> Respondents. ) | C.A. No. 8:11-cv-0797-JMC <br><br> **ORDER** |

_____

Petitioner is an inmate at the Perry Correctional Institution. Petitioner is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). *See also* Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, issued by the Honorable William B. Traxler, Jr., who was a United States District Judge at the time.

Originally, Petitioner, in the above-captioned case, submitted a series of pleadings raising civil rights claims, mandamus claims and habeas corpus issues. Petitioner seeks a writ of mandamus directing Respondents to release him from prison because, according to Petitioner, his sentences have expired.

In a Report and Recommendation [Doc. 13] filed in this case on April 13, 2011, the Honorable Jacquelyn D. Austin, United States Magistrate Judge, recommended summary dismissal of this case because Petitioner cannot obtain mandamus-type relief from state officials, his habeas claims relating to his state court convictions were barred as successive, his habeas claims relating to the alleged expiration of his state court sentences were not exhausted, his civil rights claims are barred under the "three strikes" rule, and he lacks standing to seek state or federal criminal prosecutions of Respondents.

Petitioner filed timely written objections [Doc. 15] to the Report and Recommendation on April 21, 2011. Petitioner has also filed various pleadings and motions characterized by what some courts have described as "buzzwords" or "gibberish." *See Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D. Tex. 1989); *Stafford v. Ellis*, Civil Action No. 89 N 1676, 1992 U.S.Dist. LEXIS 12007 (D. Colo. 1992); *McCutcheon v. New York Stock Exchange*, No. 88 C 9965, 1994 WL 13766 (N.D. Ill. Jan. 14, 1994);

2

*Yocum v. Summers*, No. 91 C 3648, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. New York Stock Exchange*, No. 88 C 9965, 1989 WL 82007 (N.D. Ill. July 10, 1989); *Peebles v. National Collegiate Athletic Association*, Civil Action No. 3:88-2463-16(H), 1988 U.S.Dist. LEXIS 17247 (D.S.C. Nov. 1, 1988) (Magistrate Judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, No. 89-2344, 887 F.2d 1080 [Table], 1989 WL 117826 (4th Cir. Sept. 21, 1989); *United States v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *U.S.A. ex rel. Cole v. La Vallee*, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and *Sauers v. Commissioner*, 771 F.2d 64, 66 (3rd Cir. 1985). These pleadings include a purported Rule 60(b) and Rule 9(b) motion [Doc. 17], a second objection [Doc. 18] to the Report and Recommendation, a Supplement [Doc. 21] and two Additional Supplements [Doc. 22 and Doc. 23] to the Mandamus Petition, a Motion to Compel [Doc. 24], Affidavits and a letter [Doc. 25], a Motion to Amend [Doc. 26], a Motion to Transfer case [Doc. 27], a Motion for Emergency Injunction to be taken to Oconee Memorial Hospital [Doc. 30], and two Motions for Default Judgment [Doc. 34 and Doc. 35].

In his Motion to Compel [Doc. 24], Petitioner seeks a court order directing the Clerk of Court for Oconee County to produce copies of his "belated" appeal in Case No. 2005-CP-37-531[1] and copies of other court records in the alleged possession of the Clerk of Court for Oconee County. As indicated in the Magistrate Judge's Report and Recommendation, this type of relief is expressly

---

[1] It is not clear whether this "belated" appeal was a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), or a belated appeal in a post-conviction case, *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991).

barred by the holding in *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969).

Petitioner's purported Rule 60(b) and Rule 9(b) motion [Doc. 17] cannot be granted because Petitioner is, in effect, seeking a federal court order to vacate decisions made in state court post-conviction cases. Moreover, "old" Rule 9(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in United States District Courts were altered in the 2004 Amendments to Rules Governing Section 2254 Cases. The Advisory Committee Note to the 2004 Amendments indicate that Rule 9(a) was deleted as unnecessary in light of the one-year statute of limitations for Section 2254 petitions, and that Rule 9(b) was changed (to what is now Rule 9) to reflect provisions in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b)(3) and (4), which require a petitioner to obtain approval from the appropriate Court of Appeals before filing a second or successive petition. Rule 9 Advisory Committee Note. *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."); and *In re: Williams*, 330 F.3d 277 (4th Cir. 2003). With respect to his 1990 convictions in the Court of General Sessions for Oconee County, Petitioner must obtain leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition.

In Petitioner's First Objections [Doc. 15] and in Petitioner's Motion to Transfer case [Doc. 27] seeks a transfer of all of Petitioner's pending and closed cases to the Honorable "L. L. Haggerty"

and the Honorable A. J. Brown, who, according to Petitioner, are the Petitioner's cousins.[2]  This request cannot be granted.  *See Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000).

In his Second Objections, Petitioner refers to an alleged incident of excessive force and an inmate attack that allegedly took place on April 24, 2011, eleven (11) days after the Magistrate Judge issued the Report and Recommendation in this case.  Petitioner can raise matters pertaining to the incidents on April 24, 2011, in a separately-filed civil rights action.  *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  Hence, the Clerk of Court is directed to send to Petitioner civil rights forms for use by state prisoners.

Petitioner's request to be taken to Oconee Memorial Hospital cannot be granted.  "'Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.'"  *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 471 (D.S.C. 2006), quoting *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).

Petitioner is not entitled to a default judgment because service of process has not been authorized in the above-captioned case.  *See Nickerson v. Doe*, Civil Action No. 4:08-0488-TLW-TER, 2010 WL 2889036 (D.S.C. April 26, 2010) (Magistrate Judge's Report and Recommendation: default judgment not appropriate when defendants have not been served), *adopted*, 2010 WL 2889034 (D.S.C. July 21, 2010).

Petitioner's Motion to Amend [Doc. 26] is **GRANTED**.  Petitioner's Motion to Transfer case [Doc. 27] is **DENIED**.  Petitioner's Motion for Emergency Injunction to be taken to Oconee Memorial Hospital [Doc. 30] is **DENIED**.  The Clerk of Court shall terminate Petitioner's motion relating to mail

---

[2]It appears that Petitioner is referring to the Honorable Ancer L. Haggerty, United States District Judge, and the Honorable Anna J. Brown, of the United States District Court for the District of Oregon.  Both Judge Haggerty and Judge Brown have chambers in Portland, Oregon.

[Doc. 32] as MOOT. Petitioner's two Motions for Default Judgment [Doc. 34 and Doc. 35] are **DENIED**. The Magistrate Judge's Report and Recommendation [Doc. 13] is **ADOPTED** and incorporated by reference. Petitioner's objections [Doc. 15 and Doc. 18] are overruled and the above-captioned case is dismissed *without prejudice*. The Clerk of Court shall "close" the file.

    **IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

July 8, 2011
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Petitioner is, hereby, notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.